Ingraham, J.
We do not think that any ground was presented that would justify the coiirt in .setting aside the judgment, m this action.
The judgment follows the referee’s report. If the referee erred, the proper method of review was by an appeal. The order denying the motion to set aside the judgment must therefore be affirmed, with ten dollars costs and disbursements.
The defendant also appealed from an order of the special term, directing the clerk to readjust the bill of costs presented him by the plaintiff, and to allow the plaintiff full costs, as though the recovery had been for fifty dollars, or more
The complaint in the action demanded judgment for a sum of money only, and the right to costs given by the fourth sub-division of section 3,228 of the Code. It is there provided that the plaintiff is not entitled to costs, unless he recovers the sum of fifty dollars, or more.
In this action the report of the referee finds as a conclusion of law, that, at the date of the report, the defendant is indebted to the plaintiff in the sum of $1.66, with interest from the 15th day of June, 1887, and on that report, judgment was entered for the plaintiff for that amount.
Under the provision of the Code above mentioned, the plaintiff would not be entitled to costs.
The fact that, at the commencement of the action the plaintiff’s demand was greater than fifty dollars, does not entitle plaintiff to costs. The section referred to makes the right to costs depend upon the amount of the recovery; not on the amount demanded at the commencement of the action, and as the provision is mandatory, neither the court nor the referee has power to give the plaintiff costs in such an action, unless the recovery exceeds fifty dollars, and the provision in the report of the referee that the plaintiff should have judgment with costs was void and did not authorize the court or clerk to enter judgment for costs.
Plaintiff could have insisted upon his costs as a condition *304 for leave to serve a supplemental answer setting up the payments since the commencement of the action.
Having failed to obtain such a provision in that order, his right to costs depended upon the amount of his recovery. Nor can the court enforce a verbal stipulation, that the payments made an account of the demand set up in the complaint should not affect the the right of the plaintiffs to his costs. If the stipulation was that the judgment should award the plaintiffs costs, notwithstanding the recovery was less than fifty dollars, it was within the provisions of rule 11 of the general rules of practice, and could not be enforced unless in writing.
If it was an agreement outside the proceedings in the action, it cannot effect the right of the plaintiff to costs in the action, as that depends upon the amount of the recovery. Defendant not having applied for costs, no question is presented as to his right to costs as against the plaintiff.
The order appealed from must be reversed, and the clerk directed to disallow the plaintiff’s bill of costs, and to-strike the same out of the judgment, limiting the amount recovered by the judgment to the amount found due by the referee, with ten dollars costs and disbursements to the appellant.
Freedman, J., concurs.